1  Larry D Weast Jr
2  1816 Lariat Lane
3  Burleson, TX 76028
4  Phone: 817-676-7674
5  savagenation111469@sbcglobal.net

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 AUG -2 PM 2: 05

CLERK OF COURT

## UNITED STATES DISTRICT COURT

| | |
|---|---|
| **LARRY D WEAST JR**<br>**PLAINTIFF,**<br>**VS.**<br>**RECONTRUST COMPANY NA**<br>**DEFENDANT** | CASE # **4-12CV-541 A**<br><br>ORIGINAL COMPLAINT<br><br>CERTIFIED MAIL #: **7012 1010 0001 6907 3134** |

12  **Comes now Larry D Weast, Jr** hereinafter referred to as "Plaintiff," and moves the court for
13  relief as herein requested:

14                                    **PARTIES**

15       Plaintiff in the instant cause is Larry D Weast Jr, hereinafter referred to as "Principal
16  Plaintiff." Principal Plaintiff can be contacted at 1816 Lariat Lane, Burleson, TX 76028, and may
17  be reached by phone at 817-676-7674, or by email at savagenation111469@sbcglobal.net.
18       Defendant is, Recontrust Company NA, and can be contacted at 2380 Performance Dr
19  TX 2-984-0407, Richardson, TX 75082.

20                              **JURISDICTION AND VENUE**

21       This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1332
22  placing the District Court in the position of Jurisdiction over:
23       A. claims of Federal Questions concerning Fair Debt Collection Practices Act,
24          hereinafter referred to as " 15 U.S.C. 1692;" questions and claims of violation of
25          Constitutionally protected Fundamental Rights;
26       B. violations of Plaintiff's common-law Rights in matters involving Federal
27          Corporations and Interstate Commerce in the form of lending and Banking;

1 Violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the
2 Uniform Commercial Code ("UCC" hereafter).
3     The amount in controversy exceeds $ 75,000.00.
4     This court also has supplemental jurisdiction over all other claims that are so related to
5 claims in this action that they form part of the same case or controversy under Article III of the
6 United States Constitution, pursuant to 28 U.S.C. § 1367.
7     Venue is properly laid in the Federal Court of the United States in the Judicial District
8 ,pursuant to 28 U.S.C. § 1391(c).
9     Plaintiff avers that the court has in personam jurisdiction over the named Defendant(s)as
10 Defendant(s) are subject to the Jurisdiction of this Federal Court by the following facts:
11     A. Defendant has entered into interstate commerce by causing to be transmitted
12        through the United States Mail, - Title 18 § 1241;
13     B. Defendant is subject to the FDCPA - Title 15 § 1692 et. seq. by acting as a Debt
14        Collector, in that Defendant is not the originator of the alleged debt, neither is
15        Defendant a bona fide agent of the originator or subsequent true holder of the
16        alleged debt.

17 <center>**STATEMENT OF FACTS**</center>

18     Plaintiff states as a fact that Defendant, on or about Friday, May 18, 2012 caused to be
19 prepared and sent to Plaintiff, a document noticing Plaintiff that Defendant was the agent for the
20 holder of the note or the true holder of the note.
21     Defendant made demand on Plaintiff for payment of an alleged debt in the amount of
22 $115490.92. Defendant, by preparing and sending the above referenced communication claimed
23 authority to collect said debt. Defendant claimed the existence of a document establishing a lien
24 against the property owned by Plaintiff. Defendant claimed authority to exercise the provisions
25 of said lien document for the purposes of collecting the above alleged debt.
26     Fair Debt Collection Practices Act § 803. Definitions [15 USC 1692a]
27     As used in this title -- (6) The term "debt collector" means any person who uses any
28 instrumentality of interstate commerce or the mails in any business the principal purpose of
29 which is the collection of any debts, or who regularly collects or attempts to collect, directly or
30 indirectly, debts owed or due or asserted to be owed or due another.
31     To Plaintiff's knowledge, Plaintiff never entered into a contractual agreement with
32 Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against the

property. To Plaintiff's knowledge, Plaintiff never created a document creating a lien against Plaintiff's real property to the benefit of Defendant.

Said debt validation letter was sent to Defendant on Friday, April 27, 2012 a request for validation of the alleged under the provisions of the Fair Debt Collection Practices Act (FDCPA).

> FDCPA Section 809. Validation of debts [15 USC 1692g]
> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Defendant has yet to properly respond to Plaintiff's debt validation letter, therefore, Defendant is subject to statutory estoppel from further collections attempts as a matter of law.

## FACTUAL ACCUSATION

> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged."
> (Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)

### *VALIDATION OF DEBT REQUIRED*

Defendant made a presentment to Plaintiff.

> § 3-501. PRESENTMENT.
> (a) **"Presentment"** means a demand made by or on behalf of a <u>person entitled to enforce</u> an <u>instrument</u> (i) to pay the instrument made to the <u>drawee</u> or a <u>party</u> obliged to pay the instrument or, in the case of a <u>note</u> or accepted <u>draft</u> payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

In order for Defendant to make the above demand, Defendant must have some authority by way of a contractual agreement between Plaintiff and Defendant and upon request, must prove up said claim.

> § 3-501. PRESENTMENT
> (b)(2) Upon demand of the person to whom <u>presentment</u> is made, the person making presentment must (i) exhibit the <u>instrument,</u> (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiff's request for validation of the debt. Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiff reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.

> In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer. See Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir.2003); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997). "This assumes that the debtor is uninformed, naive, or trusting [.]" Veach, 316 F.3d at 693 (internal

quotations omitted). However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060 (7th Cir.2000).see <u>Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber,</u> USCA-02-C-0072, 7th Circuit Court, Sept 2004

In as much as Defendant's dunning letter failed to provide validation of the alleged debt, Plaintiff may not, in good faith, respond with payment. In the event an actual debt existed to which Plaintiff was liable, Plaintiff would be subject to dishonor if Plaintiff made tender to Defendant without exercising due diligence in determining that Defendant was an agent for the principal holding the alleged note and the payments were not properly assessed against the note.

§ 3-602. PAYMENT.
(a) Subject to subsection (b), an <u>instrument</u> is paid to the extent payment is made (i) by or on behalf of a <u>party</u> obliged to pay the instrument, and (ii) **to a <u>person entitled to enforce</u> the instrument**. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section <u>3-306</u> by another person.
(b) The obligation of a <u>party</u> to pay the <u>instrument</u> is not discharged under subsection (a) if:
(1) a claim to the <u>instrument</u> under Section <u>3-306</u> is enforceable against the <u>party</u> receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a <u>cashier's check</u>, <u>teller's check</u>, or <u>certified check</u>, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the <u>person entitled to enforce</u> the instrument; or
(2) the person making payment knows that the <u>instrument</u> is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt. Even if a debt did exist, Plaintiff would not execute payment if Plaintiff tendered payment to a person or entity not properly authorized to take payment.

§ 3-603. TENDER OF PAYMENT.
(a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
(b) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an <u>indorser</u> or accommodation <u>party</u> having a right of recourse with respect to the obligation to which the tender relates.
(c) If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)

Plaintiff has properly stated a claim against Defendant as Plaintiff alleged who, defendant; what, made presentment to Plaintiff without establishing authority to make said

1  claim; when, on date of dunning letter referenced above; where, within the jurisdiction and venue
2  of this court. Plaintiff herein pleads that defendant intended that Plaintiff act on the defendant's
3  presentment, that Plaintiff believed defendant intended to take action if Plaintiff did not submit
4  to defendant's demands, and Plaintiff was subjected to a civil rights violation as a proximate
5  result of Defendant's failure to abide by standing law.

6  **FDCPA**

7  Determining that "there is abundant evidence of the use of abusive, deceptive, and unfair
8  debt collection practices by many debt collectors," Congress passed the Fair Debt Collection
9  Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. § 1692(a). The FDCPA protects
10 consumers who have been subjected to abusive, deceptive or unfair debt collection practices by a
11 debt collector in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir.
12 2005) (citing 15 U.S.C. §§ 1692e-f).

13 Defendant, in the instant case, is not a party Plaintiff knowingly entered into a contract
14 with. Defendant claims to hold agency or standing as a trustee or assignee of a debt. The
15 allegation of Defendant is that Defendant is collecting a debt concerning a consumer mortgage
16 agreement.

17 An assignee or substitute trustee, it is a debt collector within the meaning of §§ 1692d,
18 1692e or 1692g4 of the FDCPA fails as a matter of law. More specifically, the argument that
19 pursuant to the terms of § 1692a(6), assignees or substitute trustees are only liable under §
20 1692f(6) fails as a matter of law. Section 1692a(6) states, in relevant part, that for the purpose of
21 section 1692f(6) of this title, the term "debt collector" also includes any person who uses any
22 instrumentality of interstate commerce or the mails in any business the principal purpose of
23 which is the enforcement of security interests. Based on this language, any argument that
24 assignees or substitute trustees are exempt from liability under all provisions of the FDCPA
25 *except* § 1692f(6) fail as a matter of law.

26 Plaintiff alleges that a mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5) because it
27 constitutes an obligation to pay money that arose out a transaction in which the property was
28 primarily for personal, family or household purposes. Plaintiff also asserts that, even if
29 Defendant is unquestionably an assignee or substitute trustee, that fact does not preclude it from
30 being held liable as a debt collector. *Piper*, 396 F.3d at 232 (applying the FDCPA to debts
31 secured by real property); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998)
32 (concluding that an eviction notice for failure to pay rent can be an attempt to collect a debt);
33 *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) (holding that "a foreclosure is a

method of collecting a debt" and, thus, the defendant attorneys "are not exempt merely because their collection activities are primarily limited to foreclosures") *with Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 658 (D. Del. 1990) (distinguishing a debt collector from an enforcer of a security interest, who has a "present right to a piece of secured property and attempts to retrieve something which another person possesses but which the holder of the security interest still owns").

Plaintiff directs the court to consider the Fourth Circuit case of *Wilson v. Draper & Goldberg, PLLC,* 443 F.3d 373 (4th Cir. 2006). The plaintiff in *Wilson* brought suit against the law firm that acted as the substitute trustee for the holder of the deed of trust on the plaintiff's property. The defendant initiated foreclosure proceedings on the plaintiff's property and sent her a notice that provided information regarding the creditor and the amount of the debt owed. *Id.* The *Wilson* defendants included in their notice a statement specifying that they were not "'debt collectors' or acting in connection with the collection of a 'debt.'" *Id.* Nevertheless, the court held that the default on a Deed of Trust Note is a debt, and that concluding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect that debt." *Id.* at 376 (citing *Piper*, 396 F.2d at 234; *Romea*, 163 F.3d at 116; *Shapiro*, 823 P.2d at 124). The *Wilson* court went on to explain:

> Section 1692a(6) applies to those whose only role in the debt collection process is the enforcement of a security interest. See Jordan[, 731 F. Supp. at 657] ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector; it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." See Piper, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.").
> 443 F.3d at 378 (emphasis in original).

Even if Defendant herein alleges to be acting as an assignee or substitute trustee to enforce a Deed of Trust Note, nevertheless, in initiating collection proceedings, Defendant undertook the role of debt collector and communicated with the Plaintiff in a manner regulated by the FDCPA. *See Wilson,* 443 F.3d at 376-78. Adopting a position that entities acting as assignees or substitute trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA. *See* 15 U.S.C. § 1692(a) (explaining that the FDCPA is designed to protect consumers from unfair collection practices). Accordingly, Plaintiff has alleged sufficient facts to support the claim that, for the purposes of the actions

described in the complaint, the Defendant is attempting to collect a "debt" and Defendant was acting as a "debt collector."

### NO ISSUE OF ACTUAL DEBT BEFORE THE COURT

Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demanded validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

*AGENCY*

Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924)(agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180 S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (Coleman). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. Beard v. Banks, 542 U.S. 406 (2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)); Scott v. Harris, ___ U.S. ___, 127 S. Ct. 1769 (2007) (citing United States v. Diebold, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are against movant). Mullaney v. Wilbur, 421 U.S. 684 (1975)

1. (citing In re Winship, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due
2. Process); Heiner v. Donnan, 285 U.S. 312 (1932) (fraud and/or negligence context).

### *CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that agency cannot be proven by the declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v.

Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349. Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)

In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, is not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. Sax v. Davis, 81 Iowa 692 (Iowa 1891)

***CHALLENGE TO STANDING OF ALLEGED PRINCIPAL***

Plaintiff has reason to believe, based on the widely publicized practices of banks in the United States that no instrument exists wherein Plaintiff can be shown to have an obligation to Defendant and/or even if such an instrument were to exist, because of the recent practices of banks in the United States, Plaintiff cannot be sure, absent proof, that Defendant has authority to collect said debt.

Current practices concerning consumer mortgages wherein the promise to pay (note) is immediately sold into an investment pool then the pool is divided up among a host of investors then pieces are sold back and forth between parties leaves the true holder of the note in question. With the current, highly publicized practices of registering the note with Mortgage Electronic Registration Service (MERS) for the purpose of hiding the true holder of the note behind MERS as a so-called "nominee" has been discredited by the courts. (See Landmark v Kessler and others) The courts have held the practice of using a straw man holder of the note to hide the multiple sales of the note on the secondary consumer mortgage market as a scam to avoid the requirement that the sale of a security instrument based on a consumer mortgage transaction be a public transaction.

Plaintiffs challenge Defendant's authority, both as to actual authority and as to apparent authority. Actual authority arises where the principal authorizes the agent. See Cameron County Sav. Ass'n v. Stewart Title Guaranty Co., 819 S.W.2d 600, 603 (TX App. – Corpus Christi 1991, writ denied). Plaintiff demands that Defendant establish the entire chain of agency, from

inception of the note up to the current alleged holder. Without said proof, no one has signature authority. Apparent authority doesn't exist, either.

Defendant now has the burden to prove agency. See Schulz, etc., supra. Again, where that burden is presumed and not compelled proved, the burden, by this request, has been shifted. Cf. Coleman.

Plaintiff, on investigation and belief, alleges that Defendant violated the Fair Debt Collections Protections Act to the detriment of Plaintiff by using false, deceptive, and misleading representations or means in connection with the collection of an alleged debt wherein Defendant misrepresented the character, amount, and legal status of the alleged debt; (15 USC 1692(e)(2)) & (f), and by threatening to take action against Plaintiff that could not legally be taken. (15 USC 1692(e)(5)). By causing to be sent to Plaintiff, through the United States mail, fraud and/or negligent demands for payment for which Defendant had no authority to make. Plaintiff alleges and avers that Defendant caused to be sent through the United States Mail Service, fraud and/or negligent demands for payment from Plaintiff in order to facilitate the herein alleged fraud and/or negligence. Plaintiff alleges and avers that Defendant subjected Plaintiff to a fraud and/or negligence scheme to collect monies not owed to Defendant and that Defendant intended to collect the full amount on an alleged debt, which over the term of the alleged debt would amount to (full amount of principal and interest over term of alleged note),115490.92.

Plaintiff alleges and avers that the above alleged scheme has the result of making it impossible for a purchaser of a private residence involved in said scheme to ever achieve the primary purpose of the contract, that of achieving quiet title at completion of the contract.

Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

Plaintiff alleges and avers that Defendant subjected Plaintiff to severe emotional stress through direct or implied threat that Plaintiff would lose Plaintiff's primary place of residence if Plaintiff failed to pay the extortion demanded by Defendant.

**PLAINTIFF DEMANDS STRICT VERIFIED PROOF**

Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

A. that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;

B. that Defendant is the singular and true holder of said debt instrument; Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

1  In the event Defendant is able to produce a complete chain of legal possession of the
2  above referenced document purporting to create a lien against the property, Plaintiff herein
3  demands strict verified proof, according to the rules of evidence that, at all times, the ownership
4  of the alleged lien document and the alleged note were transferred together such that, at no time,
5  one entity held the alleged lien and another held the alleged note.

6  In the event that Defendant were to prove that a debt claim exists against the property,
7  Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and
8  exclusive claim based on the purported debt claim which Defendant is attempting to collect.

9  **CAUSES OF ACTION**

10  *FDCPA – 1ST CAUSE OF ACTION*

11  Comes now Plaintiff, and hereby complains and alleges that the Defendant did violate the
12  Fair Debt Collection Practices Act, 15 U.S.C. 1692e and 1692f by providing false and
13  misleading information by mailing a dunning letter dated Friday, May 18, 2012 by U.S.P.S. to
14  the Plaintiff which asked for a lump sum of money. Defendant failed to prove up the existence
15  of a debt to which Plaintiff was liable. Defendant failed to provide evidence to show that
16  Defendant was a bona fide holder of a debt instrument to which Plaintiff was liable. Defendant
17  failed to show agency for a bona fide holder of a debt instrument to which Plaintiff was liable.
18  Defendant further failed to show that said bona holder was also a bona fide holder of a document
19  establishing a lien against real property owned by Plaintiff. Defendant further failed to itemize
20  the various charges that comprised the total amount of the alleged debt. Defendant failed to
21  clearly and fairly communicate information about the amount of the alleged debt to Plaintiff.
22  This includes how the total amount due was determined if the demand for payment includes add-
23  on expenses like attorneys' fees or collection costs, this in violation of 15 U.S.C. 1692(e).
24  Defendant used false, deceptive and misleading representations in connection with collection of
25  any debt, 15 U.S. C § 1692e. By demanding payment of a debt Plaintiff did not owe and by
26  making direct, indirect, and valid threats of dire consequences to Plaintiff if Plaintiff failed to
27  pay the alleged debt, Defendant acted in clear violation of 15 U.S.C. 1692(f), Fields v. Wilber
28  Law Firm, USCA-02-C-0072, Circuit Court, Sept 2, 2004B.

29  *FDCPA – 2ND CAUSE OF ACTION*

30  Defendants "Bill" meets the definition of overshadowing. The overshadowing in the
31  document sent to the Plaintiff stated to "balance due" and "account paid in full which
32  overshadows the consumer warning on the document. 1996 U.S. Dist. LEXIS 22555, DEBRA

### *NEGLIGENCE– 3RD CAUSE OF ACTION*

Defendant, on Friday, May 18, 2012 caused to be sent to Plaintiff, through the United States Mail, a letter demanding that Plaintiff pay United States Money in the amount of 115,490.92. The letter was in the form of a monthly payment. Defendant acted to miss-lead Plaintiff into believing that Plaintiff was under obligation to forfeit Plaintiff's personal property to Defendant in the form of money of the United States. Defendant made the above referenced demand on Plaintiff under the guise of being a debt collector, attempting to collect a debt.

Defendant made a false representation to Plaintiff demanding payment on a debt. Defendant knew, or should have known that said demand was made without standing or capacity on the part of Defendant. Defendant intended that Plaintiff accept the representation of Defendant as true. Plaintiff believed Defendant and was harmed thereby.

Defendant, by falsely demanding payment from Plaintiff when Defendant lacked standing and/or capacity to make such demand was an act of criminal fraud and/or negligence which results in the civil tort alleged here under the cause of action of common law fraud and/or negligence or fraud and/or negligence per se.

### **STIPULATION SUBJECT TO DISCOVERY**

In the interest of judicial economy and of limiting the scope of this litigation, Plaintiff is prepared to stipulate Defendant's standing and file an amended complaint, without requiring Defendant to prepare an answer to the current complaint, if Defendant provides proof of said standing as demanded above.

### **JURY DEMAND**

Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

### **PRAYER**

WHEREFORE, Plaintiff prays for judgment against the Defendant and Defendant's co-conspirators as follows:

1. For quite title to Property against claims by Defendant;
2. For disgorgement of all amounts wrongfully acquired by Defendant according to proof at trial;
3. For $2000.00 for each violation of the Fair Debt Collection Practices Act as proved up at trial;

4. For three times the amount Defendant intended to defraud and/or negligence Plaintiff of. A sum equal to $445,356.78 ;
5. For pain and suffering due to extreme mental anguish in an amount to be determined at trial;
6. For pre-judgment and post-judgment interest according to proof at trial;
7. For attorney's fees and costs as provided by statute; and,
8. For such other relief as the Court deems just and proper.

**Respectfully,**

*/s/ Larry D Weast Jr.*

Larry D Weast Jr

## VERIFICATION

I, Larry D Weast Jr, do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*[signature: Larry D Weast Jr]*

**Larry D Weast, Jr**
**1816 Lariat Lane**
**Burleson, TX 76028**

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

*[signature: Paula L. Miller]*
**NOTARY PUBLIC IN AND FOR**
**THE STATE OF TEXAS**

*[Notary Seal: PAULA L. MILLER, NOTARY PUBLIC, STATE OF TEXAS, Notary Seal Expires 04-02-2013]*

## CERTIFICATE OF SERVICE

1. I hereby, Larry D Weast Jr certify that a true and correct copy of above and foregoing has been
2. delivered to Recontrust Company NA, 2380 Performance Dr TX2-984-0407, Richardson, TX
3. 75082, on this the **2** day of **August** 2012, by certified mail (Certified Mail Receipt # **7012 1010**
4. **0001 6907 3134** ), in accordance with the rules governing same.
5. *[signature]*
6. **Larry D Weast Jr**
7. **1816 Lariat Lane**
8. **Burleson, Texas 76028**
9.

**ORIGINAL**

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Larry D. Weast, Jr.

### DEFENDANTS
Recontrust Company, N.A.

(b) County of Residence of First Listed Plaintiff **Johnson**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Dallas**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT WORTH DIVISION

2012 AUG -2  PM 2:04

CLERK OF COURT

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**4-12CV-541 A**

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Civil Statute: 15 U.S.C. 1692e and 1692f
Brief description of cause:
Defendent claims to be bona fide holder of debt instrument.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 445,356.78
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED: *(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  8-2-12
SIGNATURE OF ATTORNEY OF RECORD  *Larry D Weast jr*

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____