1 **Temporary Restraining Order**
2 **Larry D Weast Jr**
3 **1816 Lariat Lane**
4 **Burleson, TX 76028**
5 **Phone: 817-676-7674 Fax: 214-564-2911**
6 **savagenation111469@sbcglobal.net**

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2012 AUG -2 PM 2:05

CLERK OF COURT

7 **UNITED STATES DISTRICT COURT**

**4-12CV-541 A**

10 **LARRY D JR AND HOLLY WEAST** | CASE #
**PLAINTIFF,**
**VS.** | **MOTION FOR TEMPORARY**
**RECONTRUST COMPANY NA** | **RESTRAINING ORDER**
**DEFENDANT**

CERTIFIED MAIL #: **7012 1010 0001 6907 3134**

12   Comes now Larry D Weast Jr  hereinafter referred to as "Plaintiff," and moves the court
13 for relief as herein requested:

14                                **PARTIES**

15   Plaintiff in the instant cause is Larry D Weast Jr, hereinafter referred to as "Principal
16 Plaintiff." Principal Plaintiff can be contacted at 1816 Lariat Lane, Burleson, Tx 76028, and
17 may be reached by phone at 817-676-7674, or by email at savagenation111469@sbcglobal.net.
18   Defendant is, Recontrust Company NA, and can be contacted at 2380 Performance Dr
19 TX2-984-0407, Richardson, Tx 75082.

20                       **REQUEST FOR RESTRAINING ORDER**

21   Plaintiff filed suit against Defendant on the **2** day of **August** 2012 in this court.
22   Along with the suit, Plaintiff filed a Motion for Preliminary Injunction.
23   Plaintiff demanded that Defendant prove up agency, standing, and capacity to enforce an
24 alleged debt collection claim against Plaintiff.
25   Defendant has noticed Plaintiff of Defendant's intent to foreclose on the property of
26 Plaintiff on the.
27
28
29   In as much as there is not sufficient time to give Defendant proper notice of a hearing on
30 a motion for preliminary injunction, Plaintiff moves this court for a temporary injunction to abate

any foreclosure proceedings until Plaintiff can give Defendant at least 15 days notice of a hearing on Plaintiff's motion for a preliminary injunction to abate further proceedings pending a decision can be had in this court concerning the authority of Defendant to prosecute the alleged claim against the real property of Plaintiff.

## STATEMENT OF CASE

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and are such until they can prove agency in this forum.

Plaintiff sued defendant for violations of the Fair Debt Collections Practices Act

Plaintiff has petitioned this court for an order granting discovery as per FRCP 26 D (1&2).

FRCP 26 D (1,2)
(d) Timing and Sequence of Discovery.
(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, **by stipulation, or by court order**.(emphasis mine)
(2) Sequence.
Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (emphasis mine)
 (A) Methods of discovery may be used in any sequence; and
 (B) Discovery by one party does not require any other party to delay its discovery.

Plaintiff has made claims against the Defendant for violations of the Fair Debt Collection Practices act. In as much as Defendant had made claims as agent of the principal on a note to which Plaintiff is alleged to have a duty to pay, Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

a) that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt, and
b) that Defendant is the current true and only holder of a claim against Plaintiff arising from said debt instrument;

In the alternative,

a) that Plaintiff entered into a legal and binding contract with Defendant's client,
b) that Defendant's client is the current true and only holder of a claim against Plaintiff arising from said debt instrument, and
c) That Defendant is the proper agent of the true and exclusive holder of the above referenced contract.

Plaintiff herein demands strict verified proof, according to the rules of evidence and the Uniform Commercial Code that Defendant is the true holder of said debt instrument by production of the original contract upon which Defendant claims authority to demand payment.

Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning

the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

that, the alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant or Defendant's client claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, and that Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced debt instrument, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) and are such until they can prove agency in this forum.

Plaintiff sued defendant for violations of the Fair Debt Collections Practices Act (FDCPA).

Plaintiff has petitions this court for an order granting discovery as per FRCP 26 D (1&2).

FRCP 26 D (1,2)
(d) Timing and Sequence of Discovery.
(1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.(emphasis mine)
(2) Sequence.
Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (emphasis mine)
    (A) Methods of discovery may be used in any sequence; and
    (B) Discovery by one party does not require any other party to delay its discovery.

Plaintiff has made claims against the Defendant for violations of the Fair Debt Collection Practices act. In as much as Defendant had made claims as agent of the principal on a note to which Plaintiff is alleged to have a duty to pay, Plaintiff herein demands strict verified proof, according to the rules of evidence all of the following:

a) that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt, and
b) that Defendant is the current true and only holder of a claim against Plaintiff arising from said debt instrument;
c) In the alternative,
d) that Plaintiff entered into a legal and binding contract with Defendant's client,
e) that Defendant's client is the current true and only holder of a claim against Plaintiff arising from said debt instrument, and
f) that Defendant is the proper agent of the true and exclusive holder of the above referenced contract.

Plaintiff herein demands strict verified proof, according to the rules of evidence and the Uniform Commercial Code that Defendant is the true holder of said debt instrument by production of the original contract upon which Defendant claims authority to demand payment.

Plaintiff herein demands strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

**MOTION FOR TEMPORARY RESTRAINING ORDER        PAGE 4 OF 11**

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that:

Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt.

Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property.

that, the alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant or Defendant's client claims to have received assignment of the alleged debt instrument, Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Plaintiff herein demands strict verified proof that Plaintiff granted such claim to Defendant by name, and that Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

Plaintiff herein demands strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced debt instrument, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Plaintiff herein demands strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Plaintiff herein demands strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

In the event that Defendant were to prove that a debt claim exists against the property, Plaintiff demands strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported debt claim which Defendant is attempting to collect.

### REQUEST IS NOT UNDULY ONEROUS

This request is not an unduly onerous request in as much as Defendant is claiming authority to demand payment; therefore Defendant must certainly have proof that they are in fact the proper holder.

Since the agent is claiming the right to demand payment, surely the agent can show the complete holder-ship/chain of the title showing Defendant is a bona fide agent of the true holder.

Plaintiff states each request is not unduly onerous, and requesting Defendants produce said proof is done so in the interest of justice and judicial economy. If Defendant is not restrained from moving ahead with the threats made by Defendant, Plaintiff will suffer irreparable harm.

### NO ADEQUATE REMEDY IN LAW

There is no adequate remedy at law because once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as defendant will sell the property to a third party who will have a right to possession without regard to the claims Plaintiff has against defendant. *{See N. Cal. Power Agency v. Grace Geothermal Corp., 469 U.S. 1306, 1306, 105 S. Ct. 459, 459 (1984); Wilson v. Ill. S. Ry. Co., 263 U.S. 574, 576-77, 44 S. Ct. 203, 203-04 (1924); Winston v. Gen. Drivers, Warehousemen & Helpers Local Un. No. 89, 879 F. Supp. 719, 725 (W.D. Ky. 1995.*

### SUBSTANTIAL LIKELIHOOD PLAINTIFF WILL PREVAIL

There is a substantial likelihood that plaintiff will prevail on the merits. *Schiavo v. Schiavo*, 403 F.3d 1223, 1225 (11th Cir. 2005). Plaintiff, at trial, will be able to show that:

Defendant made present for payment of United States money from Plaintiff with no proper authority to make said presentment;

Defendant is not a bona fide holder of an enforceable claim against the property;

Defendant is not a proper agent of a bona fide holder of an enforceable claim against the property;

Plaintiff has invoked statutory requirements on the part of Defendant (see Uniform Commercial Code 3.501 and 15 USC 1692(g));

any collection activity after the above requests for validation of the debt and proof of agency, standing, and capacity of the debt collector have been made and before said validation

and production of the original promissory note is provided, is strictly forbidden by special statute passed by the Legislature with the specific intent that the above referenced proof be provided;

This court has no power to abate or suspend any valid law passed by the Legislature which would allow Defendant to take an action specifically forbidden by said law.

### THREATENED HARM TO PLAINTIFF OUTWEIGHS HARM TO DEFENDANT

The threatened harm to plaintiff outweighs the harm that a preliminary injunction would inflict on Defendant. *Schiavo*, 403 F.3d at 1225-26. If defendant is temporarily restrained from selling the instant property, Defendant and Plaintiff will benefit as if Plaintiff is forced to vacate the property, the property will sit empty for duration of this instant action. Plaintiff will suffer loss of the use of said property and will lose opportunity to maintain same and Defendant will suffer loss by having to maintain an empty property that cannot be insured.

Issuance of a preliminary injunction would not adversely affect the public interest and public policy because there are already a great number of empty houses with the current residential foreclosure mess. Adding more will simply increase the burden on the local as it will create opportunity for vandalism and further other criminal activity.

Plaintiff making due diligent effort to notice Defendant

Plaintiff has engaged a professional process server who is attempting to serve this petition, along with all other papers in the instant cause on Defendant. Plaintiff has mailed a copy of this petition to the last known address of Defendant.

Plaintiff will suffer immediate and irreparable injury

The court should enter this preliminary injunction without notice to defendant because plaintiff will suffer immediate and irreparable injury, loss, or damage if the order is not granted before defendant can be heard as defendants sale of the property is scheduled to occur on _____. *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). If said sale is allowed to take place, Plaintiff will be irreparably harm

Set date for show cause hearing

Plaintiff asks the court to set the request for a preliminary injunction for hearing at the earliest possible time.

### CONCLUSION

For these reasons, plaintiff asks the court to issue a temporary restraining order preventing defendant from foreclosing on the property until a show cause hearing can be held on Plaintiff's motion for a preliminary injunction.

## PRAYER

For these reasons, plaintiff asks that the court do the following:

Defendant be prevented from foreclosing on and selling the property until and unless defendant prevails in the current litigation.

Enter judgment for plaintiff.

Award costs of court.

Grant any other relief it deems appropriate.

**Respectfully,**

*/s/ Larry D Weast Jr*

Larry D Weast Jr

## VERIFICATION

1
2
3  I, Larry D. Weast Jr, do swear and affirm that all statements made herein are true and accurate, in
4  all respects, to the best of my knowledge.
5  *[signature: Larry D Weast Jr.]*
6  **Larry D Weast Jr**
7  **1816 Lariat Lane**
8  **Burleson, TX 76028**
9
10
11  The Person above, who proved to me on the basis of satisfactory evidence to be the person
12  whose name is subscribed to this document and acknowledged to me that he/she executed the
13  same in his authorized capacity and that by his signature on this instrument who is the person
14  who executed this instrument.
15  I certify under PENALTY OF PERJURY under the laws of this State that the foregoing
16  paragraph is true and correct.
17
18  Witness my hand and official seal.
19  *[signature: Paula L. Miller]*
20  **NOTARY PUBLIC IN AND FOR**
21  **THE STATE OF ~~CALIFIRNIA~~ Texas**
22

*[Notary seal: PAULA L. MILLER, NOTARY PUBLIC, STATE OF TEXAS, 02-2013]*

## CERTIFICATE OF SERVICE

1. I hereby, Larry D Weast Jr certify that a true and correct copy of above and foregoing has been
2. delivered to Recontrust Company NA, 2380 Performance Dr TX2-984-0407, Richardson, TX
3. 75082, on this the **2** day of **August** 2012, by certified mail (Certified Mail Receipt # **7012 1010**
4. **0001 6907 3134**), in accordance with the rules governing same.
5. *[signature]*
6. Larry D Weast Jr
7. 1816 Lariat Lane
8. Burleson, Tx. 76028
9.
10.

**UNITED STATES DISTRICT COURT**

|  |  |
|---|---|
| LARRY D WEAST JR<br>PLAINTIFF,<br>VS.<br>RECONTRUST COMPANY NA<br>DEFENDANT | **4-12CV-541 A**<br>CASE # ▓▓▓▓▓▓▓<br><br>ORDER |

**ORDER**

After considering Petitioner's application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the court finds there is evidence that harm is imminent to Petitioner, and if the court does not issue the temporary restraining order, Petitioner will be irreparably injured because Petitioner's application is not granted, harm is imminent and irreparable if Defendants are allowed to proceed with foreclosure.  Defendants will foreclose and liquidate Petitioner's primary residence and leave Petitioner with no home. Petitioner has no place to move or reside due to the cost of litigation and financial distress caused in part by the fraud of Defendants pleadings here. There is no adequate remedy at law to calculate damages to Petitioner if Petitioner is removed from residence and made homeless.

Therefore, the court orders the following:

Recontrust Company NA, by and through its attorney, is restrained from further proceedings on the issue of foreclosure and sale for which there is a challenge to the standing of Defendants to prosecute foreclosure until such time as the dispute is settled in the court.

Granted _____   Denied _____

The clerk is ordered to issue notice to Defendant, that the hearing on Petitioner's application for temporary injunction is set for _____, 20___, at _____ a.m./p.m. The purpose of the hearing shall be to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

This order expires on _____, 201__.

SIGNED on _____, 2010, at _____ a.m./p.m.

# ATTACHMENT "A"



011245312

TS No. 12-0045312
Property Address:
1816 LARIAT LANE
BURLESON, TX 76028
May 18, 2012

## Important Legal Notice

RECONTRUST COMPANY, N.A., acting in its capacity as agent for the beneficiary, is required by law to advise you of the following:

RECONTRUST COMPANY, N.A. is attempting to collect a debt and any information it obtains will be used for that purpose.

**The name of the Creditor to whom the debt is owed**: Bank of America, N.A.

**Debt Validation Notice:**

If you believe that you may be entitled to the benefit of the Service members' Civil Relief Act of 2003, it is recommended that you consult with your attorney.

(a.) As of the date of this letter, you owe $115,490.92. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (800) 281-8219.

(b.) Unless you, within (30) days after the receipt of this letter, dispute the validity of the debt or any portion of the debt, RECONTRUST COMPANY, N.A. will assume the amount to be valid.

(c.) If you notify RECONTRUST COMPANY, N.A. in writing, to the address provided below within the thirty (30) day period, that you dispute the debt, or any portion of the debt, RECONTRUST COMPANY, N.A. will obtain verification of the debt and mail it to you. If you so request in writing to the address provided below within the thirty (30) day period, RECONTRUST COMPANY, N.A. will provide you with the name and address of the original creditor if it is different from the current creditor.

RECONTRUST COMPANY, N.A.
Attn: Debt Validation
2380 Performance Dr, MS# TX2-984-04-07, Richardson, TX 75082

IMPORTANT BANKRUPTCY NOTICE: IF YOU PREVIOUSLY HAVE RECEIVED A DISCHARGE OF THE HOME LOAN DEBT, THIS IS NOT AN ATTEMPT TO COLLECT THE DEBT FROM YOU PERSONALLY, BUT IS AN ACT TO ENFORCE THE CREDITOR'S VALID LIEN RIGHTS AGAINST THE PROPERTY WHICH SECURES THE DEBT.

Sincerely,

RECONTRUST COMPANY, N.A.

RECONTRUST COMPANY, N.A.
2380 Performance Dr, TX2-984-0407
Richardson, TX 75082
(800) 281-8219

May 18, 2012

12-0045312
12-0010251-02

1816 LARIAT LANE, BURLESON, TX 76028

Dear Larry D. Weast, Jr:

Your loan, secured by the property referenced above, has been referred to us by Bank of America, N.A., the Mortgage Servicer. You have defaulted under the Deed of Trust. You were provided with notice of such default and the Mortgagee's intention to accelerate the debt ("Debt"). You have not cured the default. Therefore, the Debt is being accelerated and foreclosure proceedings are being initiated.

Bank of America, N.A. is acting as the Mortgage Servicer for BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP, who is the Mortgagee of the Deed of Trust associated with the above referenced loan. Bank of America, N.A., as Mortgage Servicer, is representing the Mortgagee, whose address is 400 National Way, SIMI VALLEY, CA 93065.

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property code § 51.0025, the Mortgage Servicer is authorized to collect the Debt and to administer any resulting foreclosure of the property securing the Debt.

This letter is a formal notice of the following:

1. Payment of the past due balance on the Debt has not been received by the Mortgage Servicer. Because of this default, the Mortgagee has elected to ACCELERATE the maturity of the Debt.

2. The amount of the Debt as of the date of this notice, according to the records of the Mortgage Servicer, is $115,490.92. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after the servicer receives your check, in which event we will inform you before depositing the check for collection. For further information, call us at (800) 281-8219 or write us at the address listed at the top of the page. Payment must be in certified funds, cashier's check or money order(s).

3. If the default is not cured, the Trustee, or the Substitute Trustee, will sell the real estate described in the Deed of Trust to the highest bidder for cash at a foreclosure sale.

4. All of the obligors and guarantors (if any) of the Debt have the right to reinstate the loan as provided in the Deed of Trust and as provided by Texas law. You may obtain reinstatement figures by calling us at (800) 281-8219. Payment must be in certified funds, cashier's check or money order(s).

5. All of the obligors and guarantors (if any) have the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and foreclosure that they may have.

**PLEASE BE ADVISED THAT WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Sincerely,


RECONTRUST COMPANY, N.A.