**Larry D. Weast, Jr.**
**1816 Lariat Lane**
**Burleson, TX 76028**
**Phone: 817-676-7674**
**Fax:**
**savagenation111469@sbcglobal.net**



# UNITED STATES DISTRICT COURT
## DISTRICT OF TEXAS

| | |
|---|---|
| **LARRY D WEAST JR** **PLAINTIFF,** VS. **RECONTRUST COMPANY NA** **DEFENDANT** | CASE # __4-12CV-541 A__ **PLAINTIFFS MOTION TO STRIKE DEFENDANTS MOTION TO DISMISS AS FRIVILOUS** |

Comes now Larry D. Weast, Jr. hereinafter referred to as "Plaintiff," and brings this written response to defendants rule 12 motion as follows:

**Judicial Notice**: The only issue before the court is whether or not the Agent has agency to represent the principle with standing and capacity. The defendant is attempting to seduce the court into exceeding its jurisdiction. There is no note before the court.

A)
Issues of Debt Validation specifically goes to agency of an agent to represent a client with standing and capacity. Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. *See Schultz v. Rural/Metro Corp.*, 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); *Zuniga v. Navarro & Assocs., P.C.*, 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing *Bernsen v. Live Oak Ins. Agency*, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); *Alamo Cmty. Coll. Dist. v. Browning Constr. Co.*, 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing *S. County Mut. Ins. Co. v. First Bank & Trust*, 750 S.W.2d 170, 172 (TX 1988)); *Disney Enters., Inc. v. Esprit Fin., Inc.*, 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); *Gray v. Black*, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [*BML Stage Lighting, Inc., v. Mayflower Transit, Inc.*, 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." *Coleman v. Klockner & Co. AG*, 180 S.W.3d 577, 588 (TX App. – Houston

FILED U.S. DISTRICT COURT NORTHERN DIST. OF TX FT. WORTH DIVISION 2012 SEP 21 PM 1:02 CLERK OF COURT

[14th Dist.] 2005, n.w.h.) (*Coleman*). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. *Beard v. Banks*, 542 U.S. 406 (2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *Scott v. Harris*, __ U.S. __, 127 S. Ct. 1769 (2007) (citing *United States v. Diebold*, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are *against* movant). *Mullaney v. Wilbur*, 421 U.S. 684 (1975) (citing *In re Winship*, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); *Heiner v. Donnan*, 285 U.S. 312 (1932) (fraud and/or negligence context).

B)
In order for Defendant to make the above demand, <u>Defendant must have some authority by way of a contractual agreement between Plaintiff and Defendant and upon request, must prove up said claim.</u>

> § 3-501. PRESENTMENT
> (b)(2) Upon demand of the person to whom <u>presentment</u> is made, the person making presentment must (i) exhibit the <u>instrument</u>, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiff's request for validation of the debt. Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiff reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.

End of request for judicial notice:

### A. *PLAINTIFF DOES NOT HAVE TO CLAIM HARM UNDER FDCPA*

Defendant presupposes that Plaintiff must claim harm in order to have a claim before the court. Plaintiff objects to said statement, as a violation of the FDCPA is harm per se. This case has not to do with debt, nor a mortgage allegedly owed, rather a civil violation of Plaintiff by Defendant with the sole intent to collect a purported debt in which agency has been challenged, and never verified.

### B. *PLAINTIFF HAS CORRECTLY ARGUED DEFENDANTS LACK OF PROOF OF AGENCY STANDING AND/OR CAPACITY UNDER FDCPA*

Plaintiff, in a letter dated April 27, 2012 made demand on Defendant that Defendant validate the debt for which Defendant alleged agency, standing and/or capacity to collect from Plaintiff.

Defendant failed to validate said debt and was, thereafter, statutorily estopped from further collection. Defendant, upon attempting to prosecute an unlawful foreclosure, lacked the capacity to invoke the deed of trust and the jurisdiction of the unlawful detainer court.

It was the clearly stated intent of the Untied States Legislature that Defendant be statutorily estopped from further collection subsequent to the request for validation of the debt by Plaintiff under 27 CFR 1692, the Fair Debt Collection Practices Act. This matter of statutory estoppel does not go to any specific remedy created by the Legislature that could then be subjected to a statutory time limit. The prohibition against further collections did not state a time limit on how long a debt collector without agency, standing and capacity had to wait before he could continue to pursue an illegal collection practice. Therefore, it is the position of Plaintiff that all actions by Defendant after the demand for validation of the debt were in violation of law and void as a matter of law.

### C. DEFENDANT MADE PRESENTMENT

Defendant made demand on Plaintiff for payment of an alleged debt in the amount of $115,490.92. Defendant, by preparing and sending the above referenced communication <u>claimed authority to collect said debt</u>. Defendant claimed the existence of a document establishing a lien against the property owned by Plaintiff. <u>Defendant claimed authority</u> to exercise the provisions of said lien document for the purposes of collecting the above alleged debt.

> Fair Debt Collection Practices Act § 803. Definitions [15 USC 1692a]
> As used in this title -- (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

To Plaintiff's knowledge, Plaintiff never entered into a contractual agreement with Defendant. Defendant claimed authority to exercise foreclosure on an alleged lien against the property. To Plaintiff's knowledge, Plaintiff never created a document creating a lien against Plaintiff's real property to the benefit of Defendant.

Said debt validation letter was sent to Defendant on April 27, 2012 a request for validation of the alleged under the provisions of the Fair Debt Collection Practices Act (FDCPA).

> FDCPA Section 809. Validation of debts [15 USC 1692g]

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Defendant has yet to properly respond to Plaintiff's debt validation letter, therefore, Defendant is subject to statutory estoppel from further collections attempts as a matter of law.

## FACTUAL ACCUSATION

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that defendant is liable for the misconduct alleged." (Gonzales v. Kay, 577 F.3d 600(5th Cir. 2009)

### D. VALIDATION OF DEBT REQUIRED

Defendant made a presentment to Plaintiff.
§ 3-501. PRESENTMENT.
(a) "**Presentment**" means a demand made by or on behalf of a person entitled to enforce an instrument (i) to pay the instrument made to the drawee or a party obliged to pay the instrument or, in the case of a note or accepted draft payable at a bank, to the bank, or (ii) to accept a draft made to the drawee.

In order for Defendant to make the above demand, Defendant must have some authority by way of a contractual agreement between Plaintiff and Defendant and upon request, must prove up said claim.
§ 3-501. PRESENTMENT
(b)(2) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Up to the date of the filing of this instant action Defendant is non-responsive to Plaintiff's request for validation of the debt. Defendant's failure to properly validate the debt allegedly owed to Defendant gives Plaintiff reason to believe that Defendant lacks the agency, standing, and/or capacity claimed.
In deciding whether the collection letters violate the FDCPA, we examine them from the standpoint of an unsophisticated consumer. See Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir.2003); Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir.1997). "This assumes that the debtor is uninformed, naive, or trusting[.]" Veach, 316 F.3d at 693 (internal quotations omitted). However, an unsophisticated consumer possesses "rudimentary knowledge about the financial world" and is "capable of making basic logical deductions and inferences." Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F.3d 1057, 1060

(7th Cir.2000). see <u>Fields v. Wilber Law Firm, Donald L. Wilber and Kenneth Wilber,</u> USCA-02-C-0072, 7th Circuit Court, Sept 2004

In as much as Defendant's dunning letter and other communications failed to provide validation of the alleged debt, Plaintiff may not, in good faith, respond with payment. In the event an actual debt existed to which Plaintiff was liable, Plaintiff would be subject to dishonor if Plaintiff made tender to Defendant without exercising due diligence in determining that Defendant was an agent for the principal holding the alleged note and the payments were not properly assessed against the note.

§ 3-602. PAYMENT.
(a) Subject to subsection (b), an <u>instrument</u> is paid to the extent payment is made (i) by or on behalf of a <u>party</u> obliged to pay the instrument, and (ii) **to a <u>person entitled to enforce</u> the instrument**. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section <u>3-306</u> by another person.
(b) The obligation of a <u>party</u> to pay the <u>instrument</u> is not discharged under subsection (a) if:
(1) a claim to the <u>instrument</u> under Section <u>3-306</u> is enforceable against the <u>party</u> receiving payment and (i) payment is made with knowledge by the payor that payment is prohibited by injunction or similar process of a court of competent jurisdiction, or (ii) in the case of an instrument other than a <u>cashier's check</u>, <u>teller's check</u>, or <u>certified check</u>, the party making payment accepted, from the person having a claim to the instrument, indemnity against loss resulting from refusal to pay the <u>person entitled to enforce</u> the instrument; or
(2) the person making payment knows that the <u>instrument</u> is a stolen instrument and pays a person it knows is in wrongful possession of the instrument.

Plaintiff, at trial is prepared to produce mounds of evidence of wrongful foreclosures around the country, perpetrated in actions exactly like the instant action, where substitute trustees who were not properly appointed perpetrated wrongful foreclosures against private persons.
Plaintiff, on investigation and belief, alleges that Defendant has perpetrated, and continues to perpetrate an act of negligence against Plaintiff by attempting to collect a debt when Defendant has failed to provide the statutorily required validation of said debt. Even if a debt did exist, Plaintiff's payment would not extinguish the debt if Plaintiff tendered payment to a person or entity not properly authorized to take said payment.

§ 3-603. TENDER OF PAYMENT.
(a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
(b) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an <u>indorser</u> or accommodation <u>party</u> having a right of recourse with respect to the obligation to which the tender relates.
(c) If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Emphasis added)

### E. *CLAIM PROPERLY MADE*

Plaintiff has properly stated a claim against Defendant as Plaintiff alleged **who**, defendant; **what**, made presentment to Plaintiff without establishing authority to make said claim; **when**, on date of dunning letter referenced above; **where**, within the jurisdiction and venue of this court. Plaintiff herein pleads that defendant intended that Plaintiff act on the defendant's presentment, that Plaintiff believed defendant intended to take action if Plaintiff did not submit to defendant's demands, and Plaintiff was subjected to a civil rights violation as a proximate result of Defendant's failure to abide by standing law.

### F. *LEGISLATIVE INTENT OF FDCPA*

Determining that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the Fair Debt Collection Practices Act (FDCPA) to eliminate those practices. 15 U.S.C. § 1692(a). The FDCPA protects consumers who have been subjected to abusive, deceptive or unfair debt collection practices by a debt collector in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

Defendant, in the instant case, is not a party Plaintiff knowingly entered into a contract with. Defendant claims to hold agency or standing as a trustee or assignee of a debt. The allegation of Defendant is that Defendant is collecting a debt concerning a consumer mortgage agreement.

An assignee or substitute trustee, it is a debt collector within the meaning of §§ 1692d, 1692e or 1692g₄ of the FDCPA fails as a matter of law. More specifically, the argument that pursuant to the terms of § 1692a(6), assignees or substitute trustees are only liable under § 1692f(6) fails as a matter of law. Section 1692a(6) states, in relevant part, that for the purpose of section 1692f(6) of this title, the term "debt collector" also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. Based on this language, any argument that assignees or substitute trustees are exempt from liability under all provisions of the FDCPA *except* § 1692f(6) fail as a matter of law.

Plaintiff alleges that a mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5) because it constitutes an obligation to pay money that arose out a transaction in which the property was primarily for personal, family or household purposes. Plaintiff also asserts that, even if Defendant is unquestionably an assignee or substitute trustee, that fact does not preclude it from being held liable as a debt collector. *Piper*, 396 F.3d at 232 (applying the FDCPA to debts secured by real property); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice for failure to pay rent can be an attempt to collect a debt); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) (holding that "a foreclosure is a method of collecting a debt" and, thus, the defendant attorneys "are not exempt merely because their collection activities are primarily limited to foreclosures") *with Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 658 (D. Del. 1990) (distinguishing a debt collector from an enforcer of a security interest, who has a "present right to a piece of secured property and attempts to retrieve something which another person possesses but which the holder of the security interest still owns").

Plaintiff directs the court to consider the Fourth Circuit case of *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir. 2006). The plaintiff in *Wilson* brought suit against the law firm that acted as the substitute trustee for the holder of the deed of trust on the plaintiff's property. The defendant initiated foreclosure proceedings on the plaintiff's property and sent her a notice that provided information regarding the creditor and the amount of the debt owed. *Id.* The *Wilson* defendants included in their notice a statement specifying that they were not "'debt collectors' or acting in connection with the collection of a 'debt.'" *Id.* Nevertheless, the court held that the default on a Deed of Trust Note is a debt, and that concluding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect that debt." *Id.* at 376 (citing *Piper*, 396 F.2d at 234; *Romea*, 163 F.3d at 116; *Shapiro*, 823 P.2d at 124). The *Wilson* court went on to explain that

> Section 1692a(6) applies to those whose only role in the debt collection process is the enforcement of a security interest. See Jordan[, 731 F. Supp. at 657] ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other

words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." See Piper, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts."). 443 F.3d at 378 (emphasis in original).

Even if Defendant herein alleges to be acting as an assignee or substitute trustee to enforce a Deed of Trust Note, nevertheless, in initiating collection proceedings, Defendant undertook the role of debt collector and communicated with the Plaintiff in a manner regulated by the FDCPA. See Wilson, 443 F.3d at 376-78. Adopting a position that entities acting as assignees or substitute trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA. See 15 U.S.C. § 1692(a) (explaining that the FDCPA is designed to protect consumers from unfair collection practices). Accordingly, Plaintiff has alleged sufficient facts to support the claim that, for the purposes of the actions described in the complaint, the Defendant is attempting to collect a "debt" and Defendant was acting as a "debt collector."

### *G. NO ISSUE OF ACTUAL DEBT BEFORE THE COURT*

Plaintiff has sued Defendant to demand that Defendant comply with long standing law and well established principals of commerce. In as much as Defendant demanded that Plaintiff tender United States money to Defendant in payment of a debt, Plaintiff properly demanded validation of the debt. Where Defendant has claimed agency for a principal, Plaintiff demands that Defendant prove that Defendant's alleged principal has standing as a proper holder of the alleged obligation. Plaintiff further demands proof of Defendant's agency to represent said principal.

### *H. PLAINTIFF PROPERLY CHALLENGED AGENCY/ DEFENDANT IS PURPOSEFULLY TRYING TO MISLEAD THE COURT*

Plaintiff specifically demanded that Defendants prove they had agency to represent a principal with standing. Perhaps counsel is confused for good reason and should go back and read the complaint again so that counsel can then address the only issue before this court which has nothing to do with a foreclosure, it is about agency.

Defendant quizzically purports to convince the court that Plaintiff improperly challenges Agency. Defendant demonstrates a misunderstanding of the FDCPA, and intent of congress. Issues of Debt Validation specifically goes to agency of an agent to represent a client with standing and capacity. Key to the whole issue here is that agency cannot be presumed, and the party asserting agency carries the burden to prove it. See Schultz v. Rural/Metro Corp., 956 S.W.2d 757, 760 (TX App. – Houston [14th Dist.] 1997, no writ); Zuniga v. Navarro & Assocs., P.C., 153 S.W.3d 663 (TX App. – Corpus Christi 2005, pet. denied) (citing Bernsen v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (TX App. – Corpus Christi 2001, no pet.)); Alamo Cmty. Coll. Dist. v. Browning Constr. Co., 113 S.W.3d 146 (TX App. – San Antonio 2004, pet. dism'd) (citing S. County Mut. Ins. Co. v. First Bank & Trust, 750 S.W.2d 170, 172 (TX 1988)); Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d 25, 30 (TX App. – San Antonio 1998, pet dism'd w.o.j.); Gray v. Black, 267 S.W. 291 (TX Civ. App. 1924) (agency is not presumed; wife cannot be presumed to be husband's agent). "[O]nly an alleged principal's words or conduct that are represented to the third party can clothe an alleged agent with apparent authority. [BML Stage Lighting, Inc., v. Mayflower Transit, Inc., 14 S.W.3d 395, 401 (TX App. – Houston [14th Dist.] 2000, pet. denied)]." Coleman v. Klockner & Co. AG, 180

S.W.3d 577, 588 (TX App. – Houston [14th Dist.] 2005, n.w.h.) (*Coleman*). In short, the alleged agent's word, alone, never proves agency.

Therefore, where agency has been challenged, as it is, here, and where it's presumed into existence over that objection, the burden of proof has been shifted. *Beard v. Banks*, 542 U.S. 406 (2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *Scott v. Harris*, __ U.S. __, 127 S. Ct. 1769 (2007) (citing *United States v. Diebold*, 369 U.S. 654, 655 (1962)) (summary judgment presumptions are *against* movant). *Mullaney v. Wilbur*, 421 U.S. 684 (1975) (citing *In re Winship*, 397 U.S. 358 (1970)) (to relieve the plaintiff of burden is to violate Due Process); *Heiner v. Donnan*, 285 U.S. 312 (1932) (fraud and/or negligence context).

### *I. CHALLENGE IS TO BOTH ACTUAL AND APPARENT AUTHORITY.*

Where there is no evidence, that a principal authorized someone to act as its agent, agency cannot be proven by declarations of the alleged agent." T & R Custom, Inc. v. Liberty Mut. Ins. Co., 227 Ga. App. 144, 145 (1) (488 S.E.2d 705) (1997). Accord Oglesby v. Farmers Mut. Exchange, 128 Ga. App. 387, 389 (6) (196 S.E.2d 674) (1973); Greble v. Morgan, 69 Ga. App. 641 (1) (26 S.E.2d 494) (1943). (1) Because there is no evidence in the record of Hilliard's agency, other than the hearsay itself, the evidence was properly excluded. See, e.g., Process Posters, Inc. v. Winn Dixie Stores, 263 Ga. App. 246, 250-251 (1) (587 S.E.2d 211) (2003).

It is fundamental that **agency cannot be proven** by the [*239] declaration of the agent. LAVELLEUR v. NUGENT, 186 Iowa 234 (Iowa 1919)

Arizona law provides that agency cannot be proven by the acts or declarations of the purported agent. Cameron v. Lanier, 56 Ariz. 400, 108 P.2d 579, 580 (Ariz. 1940). Instead, Relator "must prove affirmatively the authority" of Mr. Anderson to accept service on behalf of Dr. Levit, by either showing direct authority or implied authority. Id.United States ex rel. Goulooze v. Levit, 2006 U.S. Dist. LEXIS 77913 (D. Ariz. 2006)

Looking first to the concept of apparent authority, it is axiomatic that such authority exists only where there is a manifestation by the principal to a third party which causes the third party reasonably to believe that the particular person with whom the third party is dealing has the authority to enter into negotiations or to make representations on behalf of the principal. The State Life Insurance Co. v. Thiel (1939), 107 Ind. App. 75, 20 N.E.2d 693; Kody Engineering Company, Inc. et al. v. Fox and Fox Insurance Agency, Inc. (1973), 158 Ind. App. 498, 303 N.E.2d 307, 39 Ind. Dec. 537. Such a manifestation by the principal may be found when the principal holds out an agent as a general [***5] agent and the third party reasonably believes that the authority exhibited is the type usually held by one in such a position; n2 or, where the [**843] principal clothes or allows a special agent to act with the appearance of possessing more authority than is actually conferred. See: Farm Bureau Mutual Life Insurance Company v. Coffin (1962), 136 Ind. App. 12, 186 N.E.2d 180. Thus, to prove [*139] the existence of apparent authority, it is necessary to establish some conduct on the part of the principal which created the appearance of authority. The representations of the agent will not suffice, for it is the "well established rule that agency cannot be proven by the declarations of the agent, alone." Pan American World Airways, Inc. v. Local Readers Service, Inc. (1968), 143 Ind. App. 370, 377, 240 N.E.2d 552, 556, 15 Ind. Dec. 429, 435.Storm v. Marsischke, 159 Ind. App. 136 (Ind. Ct. App. 1973)

It is elementary law that agency cannot be proven by the acts or declarations of the alleged agent. Newman v. Taylor, 69 Miss. 670, 13 So. 831; R. R. Co. v. Cocke, 64 Miss. 713, 2 So. 495; Kinnare v. Gregory, 55 Miss. 612; Gilchrist v. Pearson, 70 Miss. 351, 12 So. 333. "An agent's authority cannot be proved by his acts done without the knowledge or authority of his principal." Whiting v. Lake, 91 Pa. 349. Therrell v. Ellis, 83 Miss. 494 (Miss. 1903)

In view of a new trial, it is proper to say that the letter, "Exhibit E," on page 8 of the abstract, [***5] is [*695] not competent evidence in the case for any purpose. It tends to show the claimed agency by the declaration of the agent, and we need not cite authority in support of the proposition that agency cannot be established by the admissions or declarations of the person claimed to be an agent. Sax v. Davis, 81 Iowa 692 (Iowa 1891)

### J. DEBT COLLECTOR FAILED TO EXERCISE DUE DILIGENCE

Plaintiff alleges and avers that Defendant failed to exercise due diligence concerning Defendant's standing to collect the alleged debt claimed by Defendant to be owed to Defendant or Defendant's principal, by Plaintiff.

Plaintiff alleges and avers that Defendant acted with culpable intent, rather Defendant had full knowledge of the entire scope of the fraud Defendant was forwarding, Defendant never-the-less took proactive steps to forward the fraud without exercising due diligence to ensure that the claims made by Defendant were proper and just according to law and an existing, binding contract.

### K. PLAINTIFF DEMANDS STRICT VERIFIED PROOF OF AGENCY STANDING AND CAPACITY

Plaintiff herein has demanded strict verified proof, according to the rules of evidence all of the following:
> that Plaintiff entered into a legal and binding contract with Defendant that would establish the alleged debt;
> that Defendant is the proper agent for the singular and true holder of said debt instrument;
> that Defendant and Defendant's principal has abided by all relevant law in.

Plaintiff has demanded strict verified proof, according to the rules of evidence, of the standing of every signatory on each and every document filed into any court record concerning the property, or sent to Plaintiff or any other entity concerning the alleged obligation Defendant has attempted to collect from Plaintiff.

In the event that Defendant were to prove that a debt claim exists against the property, and that Defendant is the holder or agent for the holder of said debt, Defendant would need to produce strict verified proof that Defendant's claim against the debt is the singular and exclusive claim based on the purported contract, the basis of which Defendant is attempting to collect a debt.

In order to show agency, standing and/or capacity Defendant would have to provide strict verified proof, according to the rules of evidence that:

- Plaintiff entered into a contract with Defendant, or Defendant's principal for whom Defendant claims to act as agent, granting Defendant a legal claim against the property as protection against loss in the event Plaintiff failed to meet the obligations of the above alleged debt;

- Defendant is the true and exclusive holder, or is the proper agent for said holder, of said legal claim against the property;

- The alleged document purporting to create a lien against the property was granted by Plaintiff to Defendant or to Defendant's principal for whom Defendant claims to be acting as agent.

In the event Defendant claims to have received assignment of the alleged debt instrument, Defendant would have to provide strict verified proof, according to the rules of evidence that Defendant, or Defendant's principal, is the exclusive holder of said instrument.

In the event Defendant is able to produce a bona fide lien document, Defendant would have to provide strict verified proof that Plaintiff granted such claim to Defendant by name, Defendant is, and at all times has been the holder of the alleged note purporting to evidence a debt.

If Defendant were able to prove that Defendant or Defendant's principal is, and at all times has been the proper holder of the note, Defendant would have to provide strict verified proof, according to the rules of evidence that Defendant, at no time, received consideration in return for a transfer of the above referenced note, the basis of which the above referenced lien document was allegedly written as protection against loss to the holder, to a third party for consideration tendered.

In the event Defendant claims to be the holder of a lien document that was not granted directly to Defendant in Defendant's name, or in the name of the principal for which Defendant claims to act as agent, Defendant would have to provide strict verified proof, according to the rules of evidence, of a complete chain of legal possession of said lien document.

In the event Defendant is able to produce a complete chain of legal possession of the above referenced document purporting to create a lien against the property, Defendant would have to provide strict verified proof, according to the rules of evidence that, at all times, the ownership of the alleged lien document and the alleged note were transferred together such that, at no time, one entity held the alleged lien and another held the alleged note.

Providing proof of all the above should not be unduly honorus as Defendant, in order to make the claim, by way of several hundred years of standard practice in commerce, would have to have all the above in his/her possession before being authorized to make the claims and take the actions indicated above.

## CONCLUSION

Plaintiff maintains that Defendant's motion to dismiss is frivolous as it argues issues not properly before the court, is without merit as it fails to demonstrate that Plaintiff's complaints lacked sufficient fact and detail, and that counsel, in making said claim, failed to speak with candor with the court.

**Respectfully,**

*[signature]*
Larry D. Weast, Jr.

# VERIFICATION

Larry D. Weast, Jr., do swear and affirm that all statements made herein are true and accurate, in all respects, to the best of my knowledge.

*Larry D. Weast, Jr.* (signature)
Larry D. Weast, Jr.

The Person above, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document and acknowledged to me that he/she executed the same in his authorized capacity and that by his signature on this instrument who is the person who executed this instrument.

I certify under PENALTY OF PERJURY under the laws of this State that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

Notary Seal 9-24-2014

(Notary seal: DELAINA MEIER, NOTARY PUBLIC, STATE OF TEXAS)

## CERTIFICATE OF SERVICE

I, **Larry D Weast, Jr.** certify that a true and correct copy of above and foregoing has been delivered to **Strasburger & Price LLP.**, on this the **21** day of **September** 2012, by certified mail Certified Mail in accordance with the rules governing same.

*Larry D Weast, Jr.*
LARRY D. WEAST, JR.
1816 LARIAT LANE
BURLESON, TX 76028