UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | |
|---|---|
| LARRY D. WEAST, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CASE NO. 4:12-CV-541-A |
| ) | |
| RECONTRUST COMPANY NA, ) | |
| ) | |
| Defendant ) | |

### REPLY BRIEF IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1, Defendant ReconTrust Company N.A. ("ReconTrust") files this Reply in support of its Motion to Dismiss Plaintiff's Complaint ("Complaint"). On August 27, 2012, ReconTrust filed its Motion to Dismiss. On September 21, 2012, in response to ReconTrust's Motion to Dismiss Plaintiff filed Plaintiffs [sic] Motion to Strike Defendants [sic] Motion to Dismiss as Frivolous [sic] ("Plaintiff's Response").[1]

### I. ARUGMENT

#### A. Plaintiff's Response Not Timely Filed

Plaintiff's Response should not be considered by the Court as it was filed outside of the 21 day deadline to file a response. Pursuant to Local Rule 7.1(e) "A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." Plaintiff's Response was filed 25 days after the Motion to Dismiss. Therefore, Plaintiff's Response should

---

[1] While Plaintiff titled his Response as a Motion to Strike, his opening paragraph identifies the documents as a "response to defendants rule 12 motion" and Defendant is treating it as a Response to Defendant's Motion to Dismiss.

4290845.1/SP/24436/1199/100412

be disregarded by the Court and for the reasons set out in Defendant's Motion to Dismiss Plaintiff's Complaint should be dismissed.

### B. Plaintiff's Response Fails to Address Any of the Issues Identified in the Motion Dismiss

Plaintiff's Response fails to provide any legal or factual justification for denying ReconTrust's Motion to Dismiss. In fact, Plaintiff's Response simply cuts and pastes various legal and factual statements from the Complaint and fails to discuss the fact that the Complaint does not state a valid claim against ReconTrust. Specifically, the Response does not address Plaintiff's failure to assert valid FDCPA, common law negligence, or common law fraud claims. For the reasons stated in ReconTrust's Motion, this Court should conclude that Plaintiff's Complaint fails to state a claim against ReconTrust upon which relief can be granted and therefore the Complaint should be dismissed.

## II. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted as ReconTrust is not a "debt collector" as defined by the FDCPA, ReconTrust's actions in moving forward with a non-judicial foreclosure under a deed of trust is not a debt collection under the FDCPA, and Plaintiff has not alleged facts sufficient to establish common law negligence or fraud. Therefore, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully Submitted,

/s/ Marc F. Kirkland
**MARC F. KIRKLAND**
State Bar No. 24046221
**STRASBURGER & PRICE, LLP**
2801 Network Blvd., Ste. 600
Frisco, TX 75034
469-287-3900
469-287-3999 Facsimile

## CERTIFICATE OF SERVICE

      The undersigned counsel certifies that a true and correct copy of the foregoing was forwarded to the following in accordance with the Federal Rules of Civil Procedure on the 4th day of October, 2012:

Larry D. Weast, Jr.
1816 Lariat Lane
Burleson, TX 76028

                                      /s/ Marc F. Kirkland
                                      MARC F. KIRKLAND