U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT - 5 2012

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LARRY D. WEAST, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-541-A |
| | § | |
| RECONTRUST COMPANY, N.A., | § | |
| | § | |
| Defendant. | § | |

ORDER

The above-captioned action was initiated on August 2, 2012, by the filing by Larry D. Weast, Jr., plaintiff, of his original complaint, naming Recontrust Company, N.A., as defendant. On August 27, 2012, defendant filed its motion to dismiss for failure to state a claim.

The complaint is a virtually indecipherable document that purports to assert three causes of action, two under the Fair Debt Collection Practices Act and the third for negligence. Compl. at 12-13.[1] As the motion to dismiss and its supporting brief note, the allegations of the complaint fail to allege facts that would state a plausible cause of action under the Fair Debt Collection Practices Act or on the basis of negligence.

---

[1] The wording of the complaint is virtually identical to the wording of a complaint the court dismissed in another action earlier on the date of the signing of this order, suggesting to the court that the wording of the document is something available to pro se plaintiffs through the internet or comparable sources.

Rather than to file a response to defendant's motion to dismiss, plaintiff filed on September 21, 2012, a document titled "Plaintiffs Motion to Strike Defendants Motion to Dismiss as Frivilous" (errors in original). The contents of that document are as nonsensical as the contents of the complaint. On October 4, 2012, defendant filed its reply brief, pointing out that plaintiff's motion to strike was beyond the time limit for the filing by plaintiff of a response to the motion to dismiss and that the motion to strike did not address any of the issues identified in the motion to dismiss.

After having considered the allegations of the complaint, the motion to dismiss, and the motion to strike, the court has concluded that the motion to dismiss should be granted. Therefore,

The court ORDERS that plaintiff's complaint, and all causes of action asserted in it, be, and are hereby, dismissed for failure to state a claim upon which relief could be granted.

SIGNED October 5, 2012.

JOHN McBRYDE
United States District Judge